J-S32010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CALVIN METZ | : | |
| | : | |
| Appellant | : | No. 3094 EDA 2015 |

Appeal from the PCRA Order October 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002989-2010

BEFORE:   GANTMAN, P.J., STABILE, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JUNE 29, 2017**

Appellant, Calvin Metz, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant broke into his estranged wife's house and removed approximately $6,585.00 worth of property.  As a result, Appellant was arrested and charged with burglary and related offenses.  Appellant entered a negotiated guilty plea to burglary on September 8, 2010.  That same day, the court sentenced Appellant to a term of one (1) to two (2) years' imprisonment,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

_____

*Former Justice specially assigned to the Superior Court.

followed by a consecutive term of four (4) years' probation. Appellant did not seek direct review.

The court held a violation of probation hearing for Appellant on July 2, 2013. At the hearing, the parties stipulated that Appellant had failed to report for probation and changed his residence without notifying his probation officer. As a result, the court found Appellant in technical violation and revoked probation. On August 29, 2013, the court re-sentenced Appellant to a term of five (5) to ten (10) years' imprisonment for the burglary conviction. Appellant filed *pro se* post-sentence motions, which the court denied. Appellant did not seek further direct review, and his judgment of sentence became final on September 28, 2013.

Appellant timely filed a *pro se* PCRA petition on September 16, 2014, and an amended *pro se* PCRA petition on January 13, 2015. The PCRA court appointed PCRA counsel, who subsequently filed a motion to withdraw and **Turner/Finley**[2] no-merit letter on July 11, 2015. Appellant filed a *pro se* response on August 13, 2015. On September 4, 2015, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant did not respond. The PCRA court denied relief and allowed counsel to withdraw on October 2, 2015. The PCRA court appointed Attorney Douglas Earl to represent Appellant on October 5, 2015.

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

- 2 -

Appellant timely filed a notice of appeal on October 6, 2015. On October 9, 2015, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant did not comply. On March 25, 2016, Appellant filed a "Motion for Remand" with this Court so he could file a Rule 1925(b) statement *nunc pro tunc*. This Court granted the motion on April 21, 2016, and directed Appellant to file a Rule 1925(b) statement.

On May 3, 2016, Appellant timely filed a counseled Rule 1925(b) statement and an amended Rule 1925(b) statement *nunc pro tunc*. In his amended Rule 1925(b) statement Appellant, for the first time, claimed: PCRA counsel was ineffective for failing to request reinstatement of Appellant's direct appeal rights *nunc pro tunc* so Appellant could challenge the discretionary aspects of his sentence; and the court relied primarily on Appellant's prison tapes when it imposed an excessive sentence, which overemphasized the need to protect the public and ignored Appellant's rehabilitative needs. Appellant also claimed that he raised a meritorious sentencing issue in his PCRA petition.[3]

Appellant presents one issue in his brief:

> DID THE [PCRA] COURT ERR BY RULING THAT ISSUES
> NOT RAISED IN THE RESPONSE TO THE RULE 907 NOTICE

---

[3] Appellant challenged his August 29, 2013 judgment of sentence on several grounds in his PCRA petition, but his amended Rule 1925(b) statement fails to specify which sentencing issue he wanted to preserve.

- 3 -

ARE WAIVED?

(Appellant's Brief at 3).

Appellant argues this Court should address the issues Appellant raised in his amended Rule 1925(b) statement. Appellant baldly asserts he did not waive these issues for appellate review. Regarding Appellant's ineffectiveness of PCRA counsel claim, Appellant essentially avers this Court should not follow its decision in *Commonwealth v. Smith*, 121 A.3d 1049 (Pa.Super. 2015), *appeal denied*, 136 A.3d 981 (2016), which held that a petitioner's failure to raise an ineffectiveness of counsel claim after receiving Rule 907 notice results in waiver of the claim. Appellant, however, fails to argue why this Court should abandon its decision in *Smith* and address the merits of this issue. Likewise, Appellant merely restates the sentencing issues from his amended Rule 1925(b) statement, but he does not provide any supporting argument. Appellant concludes this Court should address Appellant's issues, vacate his judgment of sentence, and remand this case for a sentencing hearing. We disagree.

Our standard of review of a grant or denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those

findings. ***Commonwealth v. Boyd***, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We exercise *de novo* review over the PCRA court's legal conclusions. ***Commonwealth v. Spotz***, 610 Pa. 17, 44, 18 A.3d 244, 259 (2011).

A PCRA petitioner must plead and prove his allegation of error has not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." 42 Pa.C.S.A. § 9544(b). Where PCRA counsel seeks to withdraw from representation, the petitioner must preserve any challenge to counsel's ineffectiveness in a response to counsel's no-merit letter or, if applicable, the court's Rule 907 notice. ***See Commonwealth v. Pitts***, 603 Pa. 1, 9 n.4, 981 A.2d 875, 880 n.4 (2009). A petitioner's failure to raise an ineffectiveness of PCRA counsel claim after receiving Rule 907 notice results in waiver of the claim. ***Id.*** ***See also Commonwealth v. Ousley***, 21 A.3d 1238, 1245 (Pa.Super. 2011), *appeal denied*, 612 Pa. 698, 30 A.3d 487 (2011) (stating ***Pitts*** prohibits this Court's review of petitioner's ineffectiveness of PCRA counsel claim, where issue was raised for first time in PCRA appeal).

A claim that a sentence is manifestly excessive challenges the discretionary aspects of sentencing. ***Commonwealth v. Lutes***, 793 A.2d 949 (Pa.Super. 2002). Objections to the discretionary aspects of sentence

are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa.Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003). "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 593 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008).

In the instant case, Appellant timely filed a *pro se* PCRA petition on September 16, 2014, and an amended *pro se* PCRA petition on January 13, 2015. The PCRA court appointed PCRA counsel, who subsequently filed a motion to withdraw and ***Turner/Finley*** no-merit letter. Appellant responded to PCRA counsel on August 13, 2015. On September 4, 2015, the PCRA court issued Rule 907 notice to Appellant. Appellant did not respond. The PCRA court denied relief and allowed counsel to withdraw on October 2, 2015. In his amended Rule 1925(b) statement, Appellant, for the first time, claimed: PCRA counsel was ineffective for failing to request reinstatement of Appellant's direct appeal rights *nunc pro tunc* so Appellant could challenge the discretionary aspects of his sentence. Appellant did not raise this specific allegation of ineffectiveness of PCRA counsel in his August 13, 2015 response to counsel's withdrawal petition or in response to the PCRA court's Rule 907 notice. ***See Pitts, supra***. Therefore, Appellant's ineffectiveness of PCRA counsel claim is waived. ***See id.***; ***Ousley, supra***.

- 6 -

Appellant's remaining arguments relate to his August 29, 2013 judgment of sentence, and it appears Appellant has abandoned these issues on appeal. Appellant's sentencing claims are completely undeveloped and vague, consisting of a single conclusory statement that Appellant did not waive these issues on appeal, which lacks any cogent nexus between relevant law and the facts of this case. Thus, Appellant waived his sentencing issues. **See Commonwealth v. Johnson**, 604 Pa. 176, 985 A.2d 915 (2009), *cert. denied*, 562 U.S. 906, 131 S.Ct. 250, 178 L.Ed.2d 165 (2010) (explaining appellant waives issue on appeal where he fails to present claim with citations to relevant authority or develop issue in meaningful fashion capable of review).[4]

To the extent Appellant claims the court relied primarily on Appellant's prison tapes when it imposed an excessive sentence, his challenge implicates the discretionary aspects of sentencing. **See Lutes, supra**. Appellant failed to raise this argument at the sentencing hearing or in his motions to reconsider sentence. Instead, Appellant raised this issue for the first time on appeal in his May 3, 2016 amended Rule 1925(b) statement. Therefore, Appellant waived his excessive sentence claim on this ground as well. **See Fowler, supra; Mann, supra**.

Moreover, even if Appellant had properly preserved his issues on

---

[4] Appellant waived his ineffectiveness of counsel claim on this ground also.

appeal, they would merit no relief and we would affirm based on the PCRA court opinions. (**See** PCRA Court Opinions, filed March 15, 2016, at 1-3, and September 2, 2016, at 1-3) (finding: Appellant did not request direct appeal; court imposed sentence of five to ten years' imprisonment after Appellant violated probation for burglary; burglary is first degree felony, which carries maximum penalty of twenty years' imprisonment; including Appellant's negotiated sentence of one to two years' imprisonment, Appellant's sentence is still within lawful maximum; Appellant's **Alleyne**[5] challenge merits no relief because court did not impose mandatory minimum sentence; court properly considered Appellant's recorded prison statements during sentencing hearing because statements were party admissions pursuant to Pa.R.E. 803(25); there were no genuine issues of fact which required evidentiary hearing). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017

---

[5] **Alleyne v. U.S.**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL

COMMONWEALTH OF PENNSYLVANIA  :  CP-51-CR-0002989-2010

VS.         CP-51-CR-0002989-2010 Comm. v. Metz, Calvin Opinion    3094 EDA 2015    **FILED**

CALVIN METZ



7494308101

SUPPLEMENTAL OPINION

SEP 0 2 2016

**Criminal Appeals Unit**
**First Judicial District of PA**

Following the remand of this appeal by the Superior Court to allow Defendant to file a 1925(b) statement, the trial court files this supplemental opinion in support of its dismissal of Defendant's Post Conviction Relief Act ("PCRA") petition. In his 1925(b) statement, Defendant argues the following claims of ineffectiveness or error: (1) PCRA counsel was ineffective for failing to request that Defendant's appellate rights be reinstated; (2) Defendant received an illegal sentence; and (3) the trial court's reliance on prison tapes at sentencing resulted in an illegal and excessive sentence. As explained below, none of these claims of error were raised in his original or amended PCRA petition; as such, they are waived on appeal.

DISCUSSION

In his original PCRA Petition, Defendant claimed that he received an illegal sentence because the trial court lacked authority to revoke his probation and issue a sentence of total incarceration. Defendant then filed an amended petition wherein he asserted that his sentence was unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Defendant's PCRA counsel filed a *Turner/Finley* No Merit Letter that addressed claims raised in both of Defendant's PCRA filings. PCRA counsel's *Turner/Finley* letter addressed four issues: (1) that Defendant's sentence exceeded the lawful maximum sentence, (2) that Defendant's sentence was illegal because the trial court lacked jurisdiction to impose a sentence of incarceration because Defendant was being supervised by State Department of Probation and Parole, (3) that

D-25

Defendant's sentence was illegal because Notes of Testimony from a previous sentencing hearing were missing, and (4) that Defendant's sentence was unconstitutional under *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

In his 1925(b) statement, Defendant argues the following claims of ineffectiveness or error: (1) PCRA counsel was ineffective for failing to request that Defendant's appellate rights be reinstated; (2) Defendant received an illegal sentence; and (3) the trial court's reliance on prison tapes at sentencing resulted in an illegal and excessive sentence. None of these claims of ineffectiveness or error were raised in either of his PCRA petitions or argued to the PCRA court prior to the dismissal of Defendant's PCRA petition. As a result, they are all waived or barred because claims of ineffective assistance of counsel may not be raised for the first time on appeal in a 1925(b) statement after a notice of appeal was filed in the underlying PCRA matter. *Commonwealth v. Ford*, 44 A.3d 1190, 1201 (Pa. Super. Ct. 2012) (following PRCA counsel's no-merit letter, the defendant must raise any other claims of ineffectiveness in response to the court's notice of intent to dismiss); *Commonwealth v. Ali*, 10 A.3d 282, 320 (Pa. 2010) (remand for a *Grazier* hearing does not permit Defendant to raise new issues of ineffectiveness or file what would amount to a serial PCRA petition).

To the extent that Defendant's 1925(b) claims are not waived or barred, they lack merit and are without support in the record. For example, the trial court properly considered Defendant's recorded prison statements during his sentencing hearing as they were admissions by Defendant. *See generally* Pa.R.E. 803(25). Additionally, there is no evidence of record that Defendant ever requested trial counsel to file an appeal. As such, the claims raised in his 1925(b) statement are without merit.

Finally, the trial court notes that each of the claims of ineffectiveness or error raised in his original and amended PCRA petitions were addressed in the PCRA court's original opinion filed March 15, 2016. (Attached hereto as Exhibit A).

## CONCLUSION

For the foregoing reasons, the appellate court should affirm the dismissal of Defendant's PCRA petition as without merit.

BY THE COURT:

_____
DANIEL J. ANDERS, JUDGE
Dated: September 1, 2016

3

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0002989-2010


CP-51-CR-0002989-2010 Comm. v. Metz, Calvin
Opinion

VS. : 3094 EDA 2015 **FILED**

CALVIN METZ :

7419765331

MAR 1 5 2016

**Criminal Appeals Unit**
**First Judicial District of PA**

OPINION

Following the formal dismissal of his Post Conviction Relief Act Petition

("PCRA"), Defendant Calvin Metz filed a timely Notice of Appeal.[1]

DISCUSSION

On August 29, 2013, the trial court sentenced Defendant to five to ten years of

incarceration for violating conditions of his probation. In his PCRA Petition, Defendant

claims that this sentence was illegal because: (1) it exceeded the statutory maximum, (2)

the trial court lacked jurisdiction to impose a sentence while he was under state

supervision, and (3) it was an illegal mandatory sentence pursuant to *Alleyne v. United*

*States,* 133 S.Ct. 2151 (2013).

The standard of review for an appeal from the denial of PCRA relief is "whether

the findings of the PCRA court are supported by the record and free of legal error."

*Commonwealth v. Gwynn,* 943 A.2d 940, 944 (Pa. 2008). A judge may dismiss a PCRA

petition without a hearing if: (1) the petition is patently frivolous and without support in

the record, or (2) the facts alleged therein would not, even if proven, entitle the defendant

to relief. *See* Pa.R.Crim.P. 907; *Commonwealth v. Walls,* 993 A.2d 289, 295 (Pa. Super.

---

[1] On October 9, 2015, the PCRA Court ordered Defendant to file a Concise Statement of Errors
Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Defendant failed to comply with the
Court's order. Nevertheless, the PCRA Court addresses herein each claim of error in his PCRA
petition.

D 19

Ct. 2010) ("It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence."). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. Ct. 2008).

Here, the trial court imposed a sentence of five to ten years of incarceration after Defendant violated his probation for a first degree burglary conviction. The statutory maximum for a felony of the first degree is twenty years. Even including the one to two years of incarceration from his negotiated sentence imposed on September 8, 2010, Defendant's violation sentence is well within the lawful maximum. Next, the conditions governing Defendant's supervision by the State Department of Probation and Parole specifically indicate that the trial court has the authority to revoke probation and impose a sentence should Defendant violate probation. *See* Exhibit A to Defendant's PCRA petition, entitled, Conditions Governing Special Probation/Parole ("the Court has the authority, after the appropriate hearing(s), to revoke Probation and impose sentence"). Last, the trial court did not impose a mandatory sentence as a result of Defendant's violation of probation; as such, *Alleyne* does not apply.

In sum, Defendant's claims are patently frivolous and without support in the record. Moreover, there were no genuine issues of fact that required an evidentiary hearing. The PCRA court's findings are adequately supported by the record and free of legal error; as such, this court should affirm the PCRA court's dismissal of Defendant's petition for relief under the PCRA.

## CONCLUSION

Based on the foregoing, this court should affirm the PCRA court's dismissal of

Defendant's petition for relief under the PCRA.

BY THE COURT:

DANIEL J. ANDERS, JUDGE

Dated:  March 15, 2016